IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORRAINE CIMOCH, | Civil Action No.: |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| ALLEGHENY HEALTH NETWORK F/K/A WEST PENN ALLEGHENY HEALTH SYSTEM and WEST PENN ALLEGHENY HEALTH SYSTEM, INC. | |
| Defendants. | |

## COMPLAINT IN CIVIL ACTION

COMES NOW the Plaintiff, LORRAINE CIMOCH by and through her attorneys, DANIEL E. KRAUTH, ESQUIRE, SAMANTHA A. QUINN, ESQUIRE and ZIMMER KUNZ, P.L.L.C., and brings this Complaint in Civil Action as follows:

### I. The Parties

1. Plaintiff, LORRAINE CIMOCH (hereinafter, "Plaintiff") is an adult individual who resides at 1203 Stanford Ct., Coraopolis, Pennsylvania 15108-4009

2. Defendant, ALLEGHENY HEALTH NETWORK f/k/a WEST PENN ALLEGHENY HEALTH SYSTEM, is a non-profit Pennsylvania corporation, which at all relevant times was incorporated in the State of Pennsylvania, with its principal offices located at 30 Isabella St., Suite 300, Pittsburgh, Pennsylvania 15212.

3. Defendant, WEST PENN ALLEGHENY HEALTH SYSTEM, INC., is a non-profit Pennsylvania corporation, which at all relevant times was incorporated in the State

of Pennsylvania, with its principal offices located at 4800 Friendship Ave., Pittsburgh, Pennsylvania 15224.

4. At all times relevant hereto, Defendants were acting through their partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their respective agency, office, employment or assignment.

5. Defendants are, and at all times relevant to this Complaint have been, a "covered entity" within the meaning of the Americans with Disabilities Act, *as amended*, 42 U.S.C. § 12111(a) and (5)(a).

6. Defendants are, and at all times relevant to this Complaint have been, employers in an industry affecting commerce within the meaning of the Age Discrimination in Employment Act of 1967, *as amended*, 29 U.S.C. § 630(b).

## II. Jurisdiction and Venue

7. This is an action to redress the deprivation by the Defendants of Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in her employment on account of disability and age, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, the Americans with Disabilities Act of 1990, *as amended*, 42 U.S.C. § 12101 *et seq.*, Americans with Disabilities Amendments Act of 2008, Public Law 110-325 (hereinafter, "ADA"), and the Age Discrimination in Employment Act of 1967, *as amended*, 29 U.S.C. § 621, *et seq.* (hereinafter, "ADEA"), as well as pendant state law claims filed under

the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, (hereinafter, "PHRA").

8. Jurisdiction of this Honorable Court is founded upon 28 U.S.C. § 1331 and 1343(a)(4), and by 29 U.S.C. § 626(c)(1) and (2). The Court is empowered to consider the PHRA claims outlined in Count IV herein pursuant to the doctrine of pendant jurisdiction.

9. All, or substantially all, of the events, facts and circumstances giving rise to the instant Complaint occurred in the Western District of Pennsylvania and therefore, venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2) and (c).

10. Plaintiff satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 prior to commencing this Court action, in that:

 (a) on January 19, 2016, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging discrimination and this charge was dual filed with the Pennsylvania Human Relations Commission ("PHRC") at Docket No. 201606736;

 (b) the EEOC issued a Notice of Dismissal and Right to Sue letter on March 27, 2017, informing and advising Plaintiff that it was unable to resolve the controversy as described to it and that it was not prepared to take further efforts;

 (c) the within Complaint is filed within 90 days of receipt of the Notice of Dismissal and Right to Sue;

(d)   the PHRC issued a "one-year" letter on June 21, 2017 relative to Docket No. 201606736 and has subsequently closed its file.

### III.   Factual Background

11.   Plaintiff is currently 62 years of age.

12.   Plaintiff was employed in various roles during her twenty years of employment with Defendants. Prior to her discharge, she was employed as a Financial Analyst for Defendants.

13.   In her role as a Financial Analyst, Plaintiff was responsible for performing audits for recovery contractors, reviewing credit balances on patient accounts, and performing post-pay review of insurance payments.

14.   At all times relevant, Plaintiff was and is qualified to perform the essential functions of her position as Financial Analyst with or without a reasonable accommodation, 42 U.S.C. § 12111(8).

15.   Prior to late 2014, Plaintiff had received positive reviews in her Performance Appraisals for her entire 20 year career.

16.   In late 2014 and early 2015, Plaintiff was assigned to be supervised by a new director, Thomas Zdrale.

17.   Mr. Zdrale began to target Plaintiff to receive assignments and additional duties well beyond the scope of her normal duties as a Financial Analyst.

18.   Defendants did not provide Plaintiff with adequate support and/or training to perform these additional duties.

19.     Defendants' director Thomas Zdrale regularly refused to provide appropriate assistance and guidance for the additional duties.

20.     Mr. Zdrale criticized Plaintiff for her inability to perform the additional duties he gave her.

21.     As a result of this criticism, Plaintiff was placed on a sixty-day probationary improvement schedule to have regular meetings with Mr. Zdrale in order for Mr. Zdrale to provide Plaintiff with guidance and instruction to improve her work performance.

22.     On multiple occasions, Mr. Zdrale failed to attend these meetings, and at no time did he offer appropriate guidance or instruction to aid Plaintiff to improve her work performance.

23.     During the meetings that Mr. Zdrale did attend with Plaintiff, he never expressed to Plaintiff that her performance was inadequate and reassured her that she was performing her job well.

24.     However, when the probationary period ended, Mr. Zdrale recommended that Plaintiff be terminated.

25.     Thereafter, on March 23, 2015, Plaintiff was discharged from her employment with Defendants.

26.     Upon information and belief, the employees that were hired to replace Plaintiff and perform her duties were significantly younger than Plaintiff.

27.     Plaintiff believes these employees hired to assume Plaintiff's duties following her termination were all in their twenties or thirties. These employees were given

the title of "Senior" financial analyst, presumably to disguise that they were hired as Plaintiff's replacements.

28. Indeed, Thomas Zdrale told Plaintiff that he wanted to only hire young people and "work them to death".

29. Plaintiff believes, and therefore avers, that she is over the age of 40, that she is otherwise qualified to perform the essential functions of her position as Financial Analyst, that she was discharged from her employment with Defendants despite being qualified, and was replaced by a significantly younger person thus, Defendants have violated the Age Discrimination in Employment Act. 29 U.S.C. § 621 et seq.

30. In October, 2012, Plaintiff was diagnosed with Non-Hodgkin's Lymphoma. At all times relevant to the Complaint, Plaintiff underwent treatment for Non-Hodgkin's Lymphoma from the date of her diagnosis until July, 2015.

31. Pursuant to the provisions of the Americans with Disabilities Act, as amended, Non-Hodgkin's Lymphoma is recognized as an impairment within the meaning of the ADA as amended. 29 U.S.C. § 12102.

32. Defendants, by and through their employee, Mr. Zdrale, was made aware of Plaintiff's cancer diagnosis and treatment plan, which included regularly scheduled chemotherapy treatment sessions.

33. Plaintiff was receiving anti-cancer chemotherapy treatments once per month for a period of six months at the time that Mr. Zdrale changed her job duties and

refused to provide her with appropriate training and support to set Plaintiff up for termination.

34. Defendants, by and through their agent and employee, Thomas Zdrale, targeted Plaintiff for termination due to her age and Non-Hodgkin's Lymphoma, and accomplished her termination by completely redesigning her responsibilities and duties and then refusing to provide assistance or resources to allow Plaintiff to learn her new duties.

35. Defendants, by and through their agent and employee, Thomas Zdrale, then used Plaintiff's alleged "underperformance" as a pre-text for terminating Plaintiff based on her age and disability.

36. Upon information and belief, Defendants are aware of Thomas Zdrale's discriminatory actions.

37. Defendants have attempted to place Thomas Zdrale in several different positions to attempt to avoid confronting his discriminatory practices.

38. Alternatively, Plaintiff filed a Workers' Compensation action after an injury she sustained at Defendants' work place on January 30, 2015. Plaintiff received medical benefits from January 30, 2015 to June 6, 2016 through Plaintiff's Workers' Compensation as a result of her injury.

39. Plaintiff was receiving these benefits at the time she was terminated.

40. Plaintiff was terminated in retaliation for her filing a Workers' Compensation claim with the Defendants.

41. Plaintiff's impairment substantially limited the major life activity of working as a result of her treatment for her Non-Hodgkin's Lymphoma, and therefore, constitutes a "disability" within the meaning of the Americans with Disabilities Act, as amended. 29 U.S.C. § 12102.

42. Plaintiff believes, and therefore avers, that she was subject to unlawful termination on the basis of a disability, pursuant to the Americans with Disabilities Act, and that Plaintiff was duly qualified to perform the essential functions of her position with or without an accommodation.

43. Plaintiff believes, and therefore avers, that her disability is not transitory or minor within the meaning of the Americans with Disabilities Act, as amended. 29 U.S.C. § 12102.

44. At all times relevant herein, Plaintiff was an employee as defined by the ADA, 42 U.S.C. §12111(4), and is afforded the protections of the provisions of said Act.

45. At all times relevant herein, Plaintiff was an individual within the meaning of the ADEA, 29 U.S.C. § 623 *et seq.*

## COUNT I
## ADEA

### Lorraine Cimoch v. Allegheny Health Network f/k/a West Penn Allegheny Health System and West Penn Allegheny Health System, Inc.

46. Plaintiff incorporates by reference the averments of Paragraphs 1 through 45 of the within Complaint as if the same were set forth at length herein.

47. Pursuant to the ADEA, 29 U.S.C. § 621, *et seq.*, it is unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to her compensation, terms, conditions or privileges of employment because of such individual's age, or to limit, segregate or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's age. 29 U.S.C. § 623.

48. At times relevant to this matter, Defendants employed a number of individuals exceeding the statutory minimum twenty (20) persons for purposes of jurisdiction under the ADEA.

49. Based on the foregoing, Defendants, by and through their agents, officers, servants and/or employees, have discriminated against Plaintiff on the basis of age in that Plaintiff, though otherwise qualified for her position, was subject to discrimination when Plaintiff was terminated and her duties reassigned to other employees who were substantially younger than Plaintiff, when said duties could have been reassigned to Plaintiff, in violation of the ADEA, 29 U.S.C. § 621 *et seq.*

50. The discriminatory actions of Defendants were undertaken intentionally, deliberately, wantonly, maliciously and/or with reckless disregard of Plaintiff's rights.

51. As a direct and proximate result of the Defendants' discriminatory acts, Plaintiff has suffered damages, including, but not limited to, loss of employment, loss of employment benefits, earnings and earnings potential and other economic

damages.

52. Plaintiff prays that Defendants be required to provide all appropriate remedies available under the ADEA, including, but not limited to interest, costs, attorneys' fees and other professional fees, punitive damages and other such relief as the Court deems just and proper, further including, but not limited to:

   (a) Back wages, front pay, loss of seniority and benefits, in an amount to be determined;

   (b) Liquidated damages in an amount to be determined, but sufficient to punish the Defendants for their intentional, negligent, willful, wanton and/or malicious conduct;

   (c) Plaintiff's costs and expenses, disbursements and attorneys' fees incurred in prosecuting this action;

   (d) Injunctive and affirmative relief;

   (e) Pre-judgment interest in an appropriate amount; and

   (f) Such other and further relief as is just and equitable under the circumstances, including injunctive relief as against further discriminatory practices, and reinstatement if necessary.

WHEREFORE, Plaintiff Lorraine Cimoch respectfully requests judgment in her favor and against the Defendants Allegheny Health Network f/k/a West Penn Allegheny Health System and West Penn Allegheny Health System, Inc.

## COUNT II
## ADA

### Lorraine Cimoch v. Allegheny Health Network f/k/a West Penn Allegheny Health System and West Penn Allegheny Health System, Inc.

53. Plaintiff incorporates by reference the averments of Paragraphs 1 through 52 of the within Complaint as if the same were set forth at length herein.

54. Pursuant to the ADA, it is unlawful for an employer of fifteen or more individuals to discriminate against a qualified individual on the basis of a disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment, 42 U.S.C. § 12112(a).

55. At all times relevant to this matter, Defendants employed a number of individuals exceeding the statutory minimum fifteen persons for purposes of jurisdiction under the ADA.

56. Based on the foregoing, Defendants, by and through their agents, officers, servants and/or employees, have discriminated against Plaintiff by engaging in unlawful and disparate treatment of Plaintiff on the basis of her Non-Hodgkin's Lymphoma by summarily terminating her employment based on her disability, in violation of the ADA.

57. The discriminatory actions of the Defendants were undertaken intentionally, deliberately, wantonly, maliciously and/or with reckless disregard of Plaintiff's rights.

58. As a direct and proximate result of the Defendants' discriminatory acts,

Plaintiff has suffered damages, including, but not limited to, loss of employment, loss of employment benefits, earnings and earnings potential and other economic damages. Plaintiff has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation and damage to reputation.

59. Plaintiff prays that the Defendants be required to provide all appropriate remedies available under the ADA, 42 U.S.C. § 12101 *et seq.*, including, but not limited to, interest, costs, attorneys' fees and other professional fees, punitive damages and other such relief as the Court deems just and proper, further including, but not limited to:

    (a) Back wages, front pay, loss of seniority and benefits, in an amount to be determined;

    (b) Punitive, compensatory and/or exemplary damages in an amount to be determined, but sufficient to punish Defendants for their intentional, negligent, willful, wanton and/or malicious conduct;

    (c) Plaintiff's costs and expenses, disbursements and attorneys' fees incurred in prosecuting this action;

    (d) Injunctive and affirmative relief;

    (e) Pre-judgment interest in an appropriate amount; and

    (f) Such other and further relief as is just and equitable under the circumstances, including reinstatement if necessary.

WHEREFORE, Plaintiff Lorraine Cimoch respectfully requests judgment in her favor and against the Defendants Allegheny Health Network f/k/a West Penn Allegheny Health System and West Penn Allegheny Health System, Inc.

## COUNT III
## ADA

### Lorraine Cimoch v. Allegheny Health Network f/k/a West Penn Allegheny Health System and West Penn Allegheny Health System, Inc.

60. Plaintiff incorporates by reference the averments of Paragraphs 1 through 59. of the within Complaint as if the same were set forth at length herein.

61. Pursuant to the "regarded as" provisions of the ADA, 42 U.S.C. § 12101 *et seq.*, an employer of fifteen or more individuals engages in unlawful discrimination when it takes an action prohibited by the ADA because of an actual or perceived impairment, which is neither transitory or minor, whether or not that impairment limits, or is perceived to limit, a major life activity, 42 U.S.C. § 12102(1)(C) and 3(A).

62. At all times relevant hereto, Defendants employed a number of individuals exceeding the statutory minimum fifteen persons for purposes of jurisdiction under the ADA.

63. Based on the foregoing, Defendants, by and through their agents, officers, servants and/or employees, have discriminated against Plaintiff whom the Defendants regarded as disabled by summarily and unlawfully terminating her

employment, as Plaintiff condition was known to the Defendants, and was neither transitory nor minor, 42 U.S.C. § 12102(3)(B).

64. The discriminatory actions of the Defendants were undertaken intentionally, deliberately, wantonly, maliciously and/or with reckless disregard of Plaintiff's rights.

65. As a direct and proximate result of the Defendants' discriminatory acts, Plaintiff has suffered damages, including, but not limited to, loss of employment, loss of employment benefits, earnings and earnings potential and other economic damages. Plaintiff has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation and damage to reputation.

66. Plaintiff prays that Defendants be required to provide all appropriate remedies available under the ADA, 42 U.S.C. § 12101 *et seq.*, including, but not limited to, interest, costs, attorneys' fees and other professional fees, punitive damages and other such relief as the Court deems just and proper, further including, but not limited to:

(a) Back wages, front pay, loss of seniority and benefits, in an amount to be determined;

(b) Punitive, compensatory and/or exemplary damages in an amount to be determined, but sufficient to punish Defendants for their intentional, negligent, willful, wanton and/or malicious conduct;

(c) Plaintiff's costs and expenses, disbursements and attorneys' fees incurred in prosecuting this action;

(d) Injunctive and affirmative relief;

(e) Pre-judgment interest in an appropriate amount; and

(f) Such other and further relief as is just and equitable under the circumstances, including reinstatement if necessary.

WHEREFORE, Plaintiff Lorraine Cimoch respectfully requests judgment in her favor and against the Defendants Allegheny Health Network f/k/a West Penn Allegheny Health System and West Penn Allegheny Health System, Inc.

## COUNT IV
## PHRA

### Lorraine Cimoch v. Allegheny Health Network f/k/a West Penn Allegheny Health System and West Penn Allegheny Health System, Inc.

67. Plaintiff incorporates by reference the averments of Paragraphs 1 through 66 of the within Complaint as if the same were set forth at length herein.

68. Pursuant to the PHRA, 43 P.S. § 951, *et seq*, it is unlawful for an employer of four or more individuals to discriminate against any employee by reason of his or her race, color, religious creed, ancestry, non-job related handicap or disability, age, sex or national origin.

69. At all times relevant to this matter, Defendants employed a number of individuals exceeding the statutory minimum of four persons for purposes of jurisdiction under the PHRA.

70. Through its underlying actions which form the basis for this Complaint, as detailed more fully above, by and through its agents, officers, servants and/or employees, Defendants have violated the PHRA, 43 P.S. § 951, *et seq*.

71. As a direct and proximate result of the Defendants' discriminatory acts, Plaintiff has suffered damages, including, but not limited to, loss of employment, loss of employment benefits, earnings and earnings potential and other economic damages. Plaintiff has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation and damage to reputation.

72. Plaintiff prays that the Defendants be required to provide all appropriate remedies available under the PHRA, 43 P.S. § 951, *et seq.*, including, but not limited to, interest, costs, attorneys' fees and other professional fees, and other such relief as the Court deems just and proper, further including, but not limited to:

   (a) Back wages, front pay, loss of seniority and benefits, in an amount to be determined;

   (b) Liquidated damages in an amount to be determined;

   (c) Compensatory damages including future pecuniary losses, emotional pain and suffering, loss of enjoyment of life and other non-pecuniary losses in an amount to be determined;

   (d) Plaintiff's costs and expenses, disbursements and attorneys' fees incurred in prosecuting this action;

   (e) Injunctive and affirmative relief;

   (f) Pre-judgment interest in an appropriate amount; and

   (g) Such other and further relief as is just and equitable under the circumstances, including injunctive relief as against further discriminatory practices, and reinstatement if necessary.

73. **A JURY TRIAL** IS DEMANDED TO THE EXTENT PERMITTED BY LAW.

WHEREFORE, Plaintiff Lorraine Cimoch respectfully request judgment in her favor and against the Defendants Allegheny Health Network f/k/a West Penn Allegheny Health System and West Penn Allegheny Health System, Inc.

Respectfully Submitted,

ZIMMER KUNZ, P.L.L.C.

By: */s/ Daniel E. Krauth, Esquire*
DANIEL E. KRAUTH, ESQUIRE
Pa. I.D. #59674
krauth@zklaw.com

By: */s/ Samantha A. Quinn, Esquire*
Pa. I.D. #310068
squinn@zklaw.com
Attorneys for Plaintiff
310 Grant Street, Suite 3000
Pittsburgh, PA 15219
(412) 281-8000